UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| James Edward Scott III, Plaintiff<br>v.<br>Southern Nevada Health District, et al., Defendants | Case No. 2:25-cv-02094-CDS-DJA<br>**Order Accepting the Magistrate Judge's Report and Recommendation**<br>[ECF No. 9] |

Plaintiff James Edward Scott III commenced this civil rights action against the Southern Nevada Health District, its chief health officer, the City of Las Vegas, and the director of the Nevada Department of Health and Human Services. Am. compl., ECF No. 6. Although Scott applied to proceed *in forma pauperis* (IFP), the court found his application deficient, denied his request, and ordered him to file a new application or pay the filing fee. ECF No. 5. Scott failed to do so. The court therefore ordered Scott to show cause why he failed to comply with the court's order. ECF No. 8. Again, Scott failed to do so. As a result of Scott's failure to comply with two court orders, U.S. Magistrate Judge Daniel J. Albregts issued a report and recommendation (R&R) that I dismiss Scott's amended complaint. ECF No. 9.

Under 28 U.S.C. § 636(b)(1)(C) and Local Rule IB 3-2(a), Scott had fourteen days—until October 16, 2026—to file any specific, written objections to the magistrate judge's findings and recommendations. ECF No. 9 at 3. But that deadline also passed, and, to date, no objection is filed.

Although de novo review is not required, I nonetheless make an independent review here. Indeed, I find that the record demonstrates that Scott failed to file a new application to proceed IFP, pay the required filing fee, or respond to the magistrate judge's order to show cause. And failure to comply with a court order—nonetheless two—is grounds for dismissal. *See*

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order).

After reviewing the magistrate judge's findings and conclusion, I agree that the factors set forth in *Carey v. King* weigh in favor of dismissal.[1] ECF No. 9 (citing 856 F.2d 1439, 1440 (9th Cir. 1988)). Notably, the factor on whether there is a less drastic sanction than dismissal weighs in favor of dismissal. The magistrate judge considered less drastic alternatives. Rather than immediately recommending dismissal of this case after Scott missed the deadline to file a new application or pay the filing fee, Judge Albregts ordered Scott to show cause. Then, he waited almost seven months after the show cause deadline to recommend dismissal due to Scott's noncompliance. As it appears Scott has abandoned this action, the court can envision no further alternatives to dismissal. I therefore adopt the magistrate judge's findings and accept the R&R in full.

## II. Conclusion

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 9] is accepted and adopted in full**. The plaintiff's first amended complaint **[ECF No. 6] is dismissed without prejudice**. The Clerk of Court is kindly directed to close this case.

Dated: November 4, 2026

Cristina D. Silva
United States District Judge

[1] Those factors are (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *see also Ferdik*, 963 F.2d at 1260–61 (enumerating the same factors for determining whether to dismiss a case for failure to comply with a court order).